UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

──────────────────────

№ 20-CV-2798 (RJD) (RER)
──────────────────────

Falls Lake National Insurance Company,

Plaintiff,

versus

DNA Plumbing Contractors, Inc., Edison Alvarado, 1673 Woodbine Portfolios LLC, XR Group Corp., Duke Properties LLC, OMD Electrical Corp., Choice NY Property Management LLC, Marco Guartan, and MFG Piping and Heating, Inc.,

Defendants,

versus

Hudson Excess Insurance Company

Third Party Defendant.

────────────────

**REPORT & RECOMMENDATION**
────────────────

**May 4, 2021**

**To the Honorable Raymond J. Dearie
Senior United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

Falls Lake National Insurance Company ("FLNIC" or "Plaintiff") brings this action against DNA Plumbing Contractors, Inc. ("DNA"), Edison Alvarado ("Alvarado"), 1673 Woodbine Portfolio LLC ("1673 Woodbine"), XR Group Corp. ("XR Group"), Duke Properties LLC

1

("Duke"), OMD Electrical Corp. ("OMD"), Choice NY Property Management LLC ("Choice NY"), Marco Guartan ("Guartan"), and MFG Piping and Heating, Inc. ("MFG"), seeking declaratory judgment that it has no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted in underlying actions pending in state court. (Dkt. No. 39 ("Am. Compl.") ¶ 36).

Presently before the Court is Plaintiff's Motion for Default Judgment against six defendants—DNA, Alvarado, XR Group, Duke, OMD, and Choice NY (collectively, "Defaulting Defendants"). (Dkt. No. 37 ("Pl.'s Mot.")). Your Honor referred the motion to me for a report and recommendation. (Order dated 10/14/2020). For the reasons set forth herein, I respectfully recommend that Your Honor deny the motion for default judgment and dismiss the case. In the alternative, I respectfully recommend that Your Honor deny Plaintiff's motion and order Plaintiff to file and properly serve an amended complaint that addresses all the inadequacies noted herein.

## BACKGROUND

This action originates from an accident that allegedly occurred on April 6, 2017 and resulted in bodily injuries to Alvarado. (Am. Compl. ¶ 16; Dkt. No. 37-7 ("Humphreys's Aff.") ¶ 13). At the time, Alvarado allegedly was working as a plumber at a construction site referred to as 1675 Woodbine Street ("the Property"). (Dkt. No. 37-4 ¶ 1; Humphreys's Aff. ¶¶ 17–20). The Property was owned by 1673 Woodbine. (Min. Entry dated 10/28/2020, AT&T Log #10:33:00, at 7:54:00–8:00:00).

At the time of the alleged accident, Alvarado was employed by Guartan and his company, MFG. (Dkt. No. 37-4 ¶ 1; Humphreys's Aff. ¶ 5; Dkt. No. 37-12 at 7). MFG was a subcontractor

of DNA at that time.[1] (Humphreys's Aff. ¶ 5; Dkt. No. 37-17 ("Pl.'s Mem.") at 3). Plaintiff insured DNA under policy number SKP 1200565 11, which was effective from October 9, 2016 throughout October 9, 2017.[2] (Dkt. No. 37-8; Am. Compl. ¶ 19).[3]

Plaintiff initially brought this action against the 1673 Woodbine and Defaulting Defendants—DNA, Alvarado, XR Group, Duke, OMD, and Choice NY—but subsequently filed an amended complaint naming Guartan and MFG as defendants. (*Compare* Dkt. No. 1 *with* Am. Compl.). Guartan and MFG have also defaulted, (Dkt. Nos. 60–61); however, Plaintiff has not moved for default judgment against them. 1673 Woodbine has appeared in the case and answered the Complaint and Amended Complaint.[4,5] (Dkt. Nos. 38, 46).

## I.     The Underlying Actions

Two relevant actions are currently pending in the Supreme Court of New York, Kings County. (Am. Compl. ¶ 12). Plaintiff is not a named party in either action, (*See* Dkt. Nos. 37-2, -3, -5), and has denied coverage for the accident and the injuries alleged, (Am. Compl. ¶¶ 16–17). However, Plaintiff agreed to "afford a defense to DNA." (Dkt. No. 37-15; *see* Pl.'s Mem. at 7).

---

[1] DNA was a subcontractor of XR Group, the general contractor for the construction project at the Property. (Min. Entry dated 10/28/2020, AT&T Log #10:33:00, at 8:01:00–8:15:00).

[2] The relationships of the parties discussed to the remaining named defendants—OMD and Choice NY—are not immediately clear from either the Amended Complaint or Plaintiff's motion.

[3] Plaintiff's memorandum and the affidavit of a claims manager for the companies that handle Plaintiff's insurance claims identify the relevant policy number as SKP 1200565 11 but state that it was effective from October 9, 2017 through October 9, 2018. (Pl.'s Mem. at 1; Humphreys's Aff. ¶ 8). The Court will rely on the effective dates shown on the policy documents submitted. (*See* Dkt. No. 37-8).

[4] The Court acknowledges that counsel for 1673 Woodbine intends to file an appearance for Choice NY, (Dkt. No. 69); however, at present, Choice NY remains in default and counsel has not appeared or filed a motion to vacate.

[5] 1673 Woodbine joined Hudson Excess Insurance Company ("Hudson") through a third-party complaint. (Dkt. No. 43 ¶ 24). Hudson insured the general contractor XR Group and has disclaimed given that Plaintiff is not providing additional coverage. (Min. Entry dated 10/28/2020, AT&T Log #10:33:00, at 8:18:00–8:43:00).

Alvarado first filed an action in 2017 against 1673 Woodbine, XR Group, Duke, and Choice NY. (Dkt. No. 37-2 at 1). He alleged that on or about April 6, 2017 "while acting within the scope of his employment at the construction site . . . [he] was caused to fall from a ladder and sustain serious and permanent injuries." (*Id.* ¶¶ 55–56). He further alleged that the accident was caused "solely by and through the negligence of the defendants herein." (*Id.* ¶ 57). This action includes a third-party complaint by XR Group against DNA. (Dkt. No. 37-5 at 3; Dkt. No. 37-6).

Plaintiff learned of this action on August 8, 2018 in a letter from XR Group's counsel. (*Id.* ¶ 34; *see* Dkt. No. 37-14). On August 30, 2018, Plaintiff sent a letter to XR Group, 1673 Woodbine, Duke, Choice NY, OMD, and Alvarado, in which it disclaimed coverage. (Dkt. No. 37-15; Humphreys's Aff. ¶¶ 38–39; Am. Compl. ¶ 34).

In 2020, Alvarado brought suit against OMD and A.E. Duke Management LLC doing business as Duke Properties. (Dkt. No. 37-3 at 1). The allegations appear substantially the same as those in the 2017 filing. (*Id.* ¶¶ 43–45). The 2020 action includes a third-party complaint by XR Group against MFG, Guartan, and Guartan doing business as MFG. (Dkt. No. 37-5 at 4). Plaintiff learned of this action on April 6, 2020 through a letter from counsel for Harleysville Insurance Company ("Harleysville"), a general liability insurance carrier for Duke Properties. (Am. Compl. ¶ 35; Humphreys's Aff. ¶ 40). Plaintiff disclaimed coverage for this action in a letter sent on April 29, 2020 to XR group, 1673 Woodbine, Duke, Choice NY, OMD, Alvarado, Guartan, MFG, and InterGUARD, Ltd. (*Id.*; Dkt. No. 37-16).

The Clerk of Court of the Supreme Court of Kings County consolidated the underlying actions on July 28, 2020. (Dkt. No. 37-5). In October 2020, 1673 Woodbine filed a third-party complaint in the state court action against Guartan and MFG, prompting Plaintiff to file the Amended Complaint with this Court naming those parties. (Min. Entry dated 10/28/2020).

4

## **LEGAL STANDARD**

### I.     Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of default judgment. *See* FED. R. CIV. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). After the clerk of court properly enters a party's default under Rule 55(a), the non-defaulting party may apply to the court for entry of default judgment. FED. R. CIV. P. 55(b)(2). The court then proceeds with analysis under Rule 55(b). *Id.*

"A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages." *Philadelphia Indem. Ins. Co. v. Pro. Sec. Assocs., Inc.*, No. 16-CV-6674 (SIL), 2018 WL 1582292, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting *Tudor Ins. Co. v. RAL Indus., Inc.*, No. 07-CV-2733 (FB) (VVP), 2008 WL 977195, at *1 (E.D.N.Y. Apr. 9, 2008). Courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in the non-defaulting party's favor. *First Specialty Ins. Corp. v. Diontech Consulting, Inc.*, No. 10-CV-2559 (CBA) (RER), 2012 WL 748619, at *3 (E.D.N.Y. Mar. 7, 2012) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

However, "the Second Circuit has an 'oft-stated preference for resolving disputes on the merits.'" *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187 (PKC) (VMS), 2014 U.S. Dist. LEXIS 30068, at *10 (E.D.N.Y. Feb. 10, 2014), *R & R adopted by* 2014 U.S. Dist. LEXIS 30067 (Mar. 5, 2014) (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). "A party is not entitled to a default judgment as a matter of right simply because its adversary fails to answer or otherwise respond to a complaint." *First Specialty*, 2012 WL 748619, at *3 (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). The Court has discretion to determine whether the well-pleaded factual allegations are sufficient to support the

plaintiff's claims for liability. *Id.* (citing *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011)). Moreover, a default does not "excuse any defects in the plaintiff's pleading." *Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *5 (E.D.N.Y. Feb. 12, 2019) (citing *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 n.17 (2d Cir. 2015)), *R & R adopted by* 2019 U.S. Dist. LEXIS 35304 (Mar. 4, 2019).

## DISCUSSION

**II.     The Pending Motion for Default Judgment is Moot**

Several procedural deficiencies counsel against reaching the merits of Plaintiff's motion. First, Plaintiff's motion for default judgment is moot because the Amended Complaint was filed while the motion was pending.

Where, as here, service of an amended complaint is not required, the amended complaint becomes the operative pleading on filing.[6] *Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *25–26. As the operative pleading, an amended complaint renders a prior entry of default a nullity and moots a pending motion for default judgment. *See, e.g., id.* at *12, *20–21 nn.11–12 (collecting cases) ("[M]ultiple courts agree . . . that once the amended complaint becomes the operative

---

[6] Rule 5 of the Federal Rules of Civil Procedure provides that pleadings after the original complaint must be served. FED. R. CIV. P. 5(a)(1)(B). This requirement includes amended complaints. *See id.*; *Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *14–15. Rule 5, however, also provides that "[n]o service is required on a party who is in default for failing to appear," unless the document is a pleading containing *new* claims against that party. FED. R. CIV. P. 5(a)(2).

The Amended Complaint does not contain new claims against the Defaulting Defendants. Plaintiff merely added two defendants—MFG and Guartan—and "cleaned up" the complaint by omitting reference to an irrelevant policy. (*Compare* Dkt. No. 1, *with* Am. Compl.; Min. Entry dated 10/28/2020, AT&T Log #10:33:00, at 4:19:00–5:10:00; Dkt. No. 50 at 1). Further, when Plaintiff filed the Amended Complaint, Defaulting Defendants were in default for failure to appear. (*See* Dkt. Nos. 19–23, 33). Therefore, Plaintiff was under no obligation to serve those Defendants with the Amended Complaint. *See Astoria Energy II LLC v. HH Valves*, No. 17-CV-5724 (ENV) (RER), 2021 U.S. Dist. LEXIS 28900, at *6 (E.D.N.Y. Feb. 12, 2021), *R & R adopted by* 2021 U.S. Dist. LEXIS 51619 (Mar. 17, 2021); *see also Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *15 (citing *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (summary order) (rejecting defendant's argument that default judgment was void for failure to serve amended complaint)).

complaint, a motion for default judgment made on a prior pleading should be denied. Similarly, several courts have found that once the original complaint is superseded, a clerk's entry of default on that pleading is mooted."); *Michalski v. Semple*, No. 16-CV-2039 (VAB), 2018 WL 571848, at *6 (D. Conn. Jan. 28, 2018) ("Because the Court has granted [Plaintiff's] motion to amend the First Amended Complaint and accepted his Second Amended Complaint, any entry of default against Defendants for their failure to plead would be rendered moot at this juncture."); *Int'l Bhd. of Elec. Workers Local Union No. 1249 Pension & Ins. Funds by Dafor v. S. Buffalo Elec., Inc.*, No. 15-CV-0682 (MAD) (ATB), 2017 WL 2483811, at *2 (N.D.N.Y. June 8, 2017) ("Plaintiffs' motion for default judgment against South Buffalo must be denied as moot because it was filed prior to the operative pleading in this action."); *Gladstone v. Health Career Acad.*, No. 15-CV-00517 (CSH), 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016) ("[T]he Court's granting of [p]laintiff's motion to amend her complaint renders moot both her motion for default judgment as well as the Clerk of Court's earlier entry of default . . . . In other words, there can be no import to [d]efendants' defaulting as to the *initial* complaint because the amended complaint supersedes the original and renders it of no legal effect." (quotations and citations omitted)); *United Ass'n of Plumbers & Steamfitters Local No, 22 v. H & M Plumbing & Mech. Contracting Inc.*, No. 14-CV-070S, 2015 WL 1735117, at *1 (W.D.N.Y. Apr. 16, 2015) ("As with a motion for a default judgment, once an original complaint is superseded, a clerk's entry of default on that pleading is also mooted.").

Plaintiff served the Summons and Complaint on the five corporate Defaulting Defendants on June 30, 2020, (Dkt. Nos. 6–9, 11), and upon Alvarado on August 25 and 31, 2020, (Dkt. Nos. 25–26). At Plaintiff's request, the Clerk of Court entered the default of all Defaulting Defendants. (Dkt. Nos. 19–23, 33). Plaintiff filed the pending motion for default judgment on October 13, 2020.

7

(Pl.'s Mot.). Ten days later, Plaintiff filed the Amended Complaint. (Am. Compl.). After filing the Amended Complaint, Plaintiff has not sought certificates of default against the Defaulting Defendants and has not renewed its motion for default judgment.

Thus, the entries of default against the Defaulting Defendants are null and the pending motion for default judgment against them is moot. Accordingly, I respectfully recommend that Plaintiff's motion for default judgment be denied with leave to refile if it obtains entries of default against any non-appearing defendants on the operative pleading

### III.  Plaintiff's Motion Violates Local Rules

Even if Plaintiff's motion was not moot, denial would be appropriate because it fails to comply with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). *See Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 U.S. Dist. LEXIS 14239, at *17 (E.D.N.Y. Jan. 28, 2019) (quoting *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 13, 2015)) ("[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."), *R & R adopted by* 2019 U.S. Dist. LEXIS 56860 (Mar. 31, 2019); *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) (citation omitted) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").

First, Local Civil Rule 55.2(b) provides that a party seeking default judgment "shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." LOC. CIV. R. 55.2(b). Plaintiff did not attach to its motion a proposed judgment in violation that rule. (*See* Dkt No. 37). This alone could be reason enough to deny Plaintiff's motion, although the Court would have discretion to

8

overlook the violation. *Compare Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules. One such rule, Local Civil Rule 55.2(b) provides that certain items must be appended to a default judgment motion . . . . The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers."), *and Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment for failure to submit copy of Clerk's certificate of default), *and Evseroff v. I.R.S.*, 190 F.R.D. 307, 308 (E.D.N.Y. 1999) (same), *with Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019) ("[T]he Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules." (quotation omitted)), *aff'd*, 824 F. App'x 83 (2d Cir. 2020).

Second, although Plaintiff included a memorandum of law as required by Local Rule 7.1, the memorandum is virtually silent as to the grounds for declaratory judgment. (*See* Pl.'s Mem.); LOC. CIV. R. 7.1(a)(2) (requiring that the memorandum of law "set[] forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined"). Plaintiff does not address whether the allegations and supporting evidence are sufficient to merit the relief requested. (*See* Pl.'s Mem.). The motion discusses at length the insurance the policy at issue but does not explain how a declaratory judgment from this Court would affect the underlying state court proceedings. (*See generally* Pl.'s Mem.). Plaintiff merely includes a conclusory statement that a declaratory judgment "will undoubtedly clarify and settle the legal issue of whether plaintiff is responsible for providing

coverage to defendant." (*Id.* at 7). Plaintiff's failure to submit a motion that addresses each issue to be determined is sufficient in and of itself to warrant denial of the motion for default judgment. *E.g.*, *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 U.S. Dist. LEXIS 20931, at *7 (E.D.N.Y. Feb. 13, 2017) (citing *Cardoza v. Mango King Farmers Market Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *R & R adopted by* 2015 WL 5561180 (Sept. 21, 2015)) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion [for default judgment]."), *R & R adopted by* 2017 U.S. Dist. LEXIS 42488 (Mar. 21, 2017); *Lanzafame v. Dana Restoration, Inc.*, No. 09-CV-0873 (ENV) (JO), 2010 WL 6267657, at *7 (E.D.N.Y. Aug. 12, 2010) ("[F]ailure to comply with the local rule requiring [plaintiff] to submit a memorandum of law . . . would be reason enough for the court to deny [his] motion in its entirety."), *R & R adopted by* 2011 WL 1100111 (Mar. 22, 2011); *Woo Hee Cho v. Oquendo*, No. 16-CV-4811 (MKB), 2018 WL 9945701, *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying motion for default judgment for failure to file memorandum of law).

### IV.    Additional Deficiencies

#### A. Plaintiff Fails to Establish Subject Matter Jurisdiction

More problematic than Plaintiff's failure to renew its motion for default judgment after filing amended pleadings or to adhere to the Local Rules is its failure to establish that the Court has subject matter jurisdiction over this action. Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 11). Pursuant to 28 U.S.C. § 1332(a)(1), district courts have jurisdiction over controversies "between citizens of different States" where more than $75,000 is at stake. 28 U.S.C. § 1332(a)(1); *see also* U.S. CONST. art. III, § 2; *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016). "[C]itizenship

10

among the parties [must be] complete, *i.e.*, . . . there is no plaintiff and no defendant who are citizens of the same State." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014) (citing *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). It is Plaintiff's burden to affirmatively show that subject matter jurisdiction exists; and "that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). Failure to fully allege citizenship of each named party may result in denial of a motion for default judgment with leave to file supplemental affidavits or an amended complaint. *Cf. DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 560 (S.D.N.Y. 2018) (citing *Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009)); *Yang Liu*, 5 F. Supp. 3d at 452; *Hamburg-Sud N. Am., Inc. v. Bomix Industria de Embalagens Ltda.,* No. 15-CV-4774 (ARR) (SMG), 2017 WL 9482108, at *4 (E.D.N.Y. Nov. 3, 2017) ("[B]efore a court grants a motion for default judgment, it may *sua sponte* assure itself that it has subject matter jurisdiction over the proceeding."), *R & R adopted by 2*017 WL 6606896 (Dec. 26, 2017).

The citizenship of a limited liability corporation ("LLC") is determined by the citizenship of its members. *See, e.g.*, *Avant*, 387 F. Supp. 3d at 322; *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (collecting cases); *DigitAlb*, 284 F. Supp. 3d at 560. "[I]f . . . the LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given, and must be diverse: 'Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . , and, if those members have members, the citizenship of those members as well.'" *Avant*, 387 F. Supp. 3d at 322–23.

11

Plaintiff has not met its burden to allege complete diversity. Plaintiff is a citizen of North Carolina and Ohio.[7] (Am. Compl. ¶ 1). Plaintiff alleges the principle place of business and place of incorporation of all corporate defendants, (Am. Compl. ¶¶ 2, 4–8, 10);[8] however, three of the named defendants are LLCs. Plaintiff alleges that the members of Duke and 1673 Woodbine are citizens of New York, and that Choice NY's members are citizens of New York and New Jersey, but Plaintiff fails to include allegations regarding the members' members. (*See id.* ¶¶ 4, 6, 8). Critically, 1673 Woodbine is wholly owned by another LLC—1673 Woodbine Portfolio Members, LLC—which has multiple members. (Min. Entry dated 10/28/2020, AT&T Log #10:33:00, at 14:07:00–14:45:00). If any of those members are citizens of North Carolina or Ohio, then there would not be complete diversity in this case.[9]

The same is true for Plaintiff's allegation that the "amounts [sic] in controversy [is] in excess of $75,000.00, exclusive of interest and costs." (Am. Compl. ¶ 11). The amount in controversy must be non-speculative in order to satisfy the jurisdictional requirement, and a conclusory allegation that the amount in controversy is satisfied, such as the one made by Plaintiff here, is insufficient. *See Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2021 WL 1193531, at

---

[7] "For purposes of determining diversity, 28 U.S.C. § 1332(c) provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' It establishes a theory of dual citizenship for corporations and if either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction." *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000).

[8] DNA, XR Group, Duke, OMD, 1673 Woodbine, Choice NY, and MFG all have their principle place of business in New York and are incorporated under the laws of New York. (Am. Compl. ¶¶ 2, 4–8, 10). Individual defendants Alvarado and Guartan are also citizens of New York. (Am. Compl. ¶¶ 3, 9); *see Hai Yang Liu*, 5 F. Supp. 3d at 446 (citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)) ("An individual's citizenship is determined by his or her domicile," meaning "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.").

[9] During a telephone conference held on October 28, 2020, there were discussions regarding the issues with respect to diversity of citizenship of the parties, including 1673 Woodbine's members. (Min. Entry dated 10/28/2020). To date, Plaintiff has not supplemented the record to address the questions raised. The Amended Complaint contains no new allegations as to the citizenship of 1673 Woodbine or its member's members.

12

\*6 (E.D.N.Y. Mar. 30, 2021); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at \*12 (S.D.N.Y. July 17, 2018) ("[T]he jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible."). Where, as here, a "declaratory judgment case[] involve[es] 'the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underling claim—not the face amount of the policy." *Nat'l Gen. Assur. Co. v. Cimino*, No. 14-CV-6230 (FPG), 2014 WL 4275708, at \*1 (W.D.N.Y. Aug. 28, 2014) (quotations and citation omitted). There are no factual allegations in the Amended Complaint from which the Court can determine that the amount in controversy exceeds the jurisdictional amount, and therefore the Amended Complaint is insufficient to establish the Court's subject matter jurisdiction.[10]

For these two reasons alone, Plaintiff's motion should be denied and the case should be dismissed.

### B. Declaratory Judgment

Even assuming the Court has subject matter jurisdiction over this case and that it ignores the procedural deficiencies of the motion, Plaintiff has not established entitlement to a declaratory judgment.

"A party seeking a declaratory judgment must allege that there is a 'substantial controversy, between parties with adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2020 WL 1172697, at \*16 (E.D.N.Y. Feb. 21, 2020) (quoting *Niagara Mohawk Power*

---

[10] While Plaintiff does assert in its motion papers that a worker's compensation board determined the total value of Alvarado's injuries to be $48,096, (Dkt. No. 37-13 at 1), that determination is neither binding nor particularly illuminating with regard to the jurisdictional amount in controversy.

13

*Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996)), *R & R adopted by* 2020 WL 1166498 (Mar. 11, 2020); *see also Hamburg-Sud*, 2017 WL 9482108, at *4. Such a controversy may arise between an insurer and an injured party from an underlying state court action. *Philadelphia Indem.*, 2018 WL 1582292, at *4 (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *First Specialty*, 2012 WL 748619, at *1 (quoting *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41 (1995)) ("[A]n insurer has no duty to indemnify or defend an insured if the insurer can demonstrate 'as a matter of law that there is no possible factual or legal basis on which it might be obligated to indemnify its insured under any policy provision.'"). However, "the existence of pending related lawsuits in state court presents the palpable risk that the issuance of a declaratory judgment by [the district] court would aid plaintiffs in procedural fencing or a race to res judicata, or would encroach on the domain of any state court tribunals adjudicating any pending suits between plaintiff and defendants." *Am. Transit Ins. Co. v. Bilyk*, No. 19-CV-5171 (BMC), 2021 WL 216673, at *8 (E.D.N.Y. Jan. 21, 2021) (quotations and citations omitted).

To determine whether declaratory relief is appropriate, courts in this Circuit consider:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment will finalize the controversy and offer relief from uncertainty; (3) whether proposed remedy is being used merely for "procedural fencing" or "a race to res judicata"; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or federal court; and (5) whether there is a better or more effective remedy.

*Cimino*, 2014 WL 4275708, at *1 (citing *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 360 (2d Cir. 2003)).

Declaratory judgment is discretionary and will only be granted where the Court has sufficient proof on which to base its determination. *Cont'l Ins. Co. v. Huff Enterprises Inc.*, No. 07-CV-3821 (NGG), 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009) (citing *Crantson v. Walton–164th St. Corp.*, 115 N.Y.S.2d 331, 332 (N.Y. Sup. Ct. 1952); *Nat'l Sur. Corp. v. Peccichio*, 264 N.Y.S.2d

14

177, 178–79 (N.Y. Sup. Ct. 1965)). Courts deny requests for declaratory judgment where the insurer fails to provide information about the status of underlying state court actions, including whether those suits predate the instant action, the procedural posture of the suits, or whether those suits involve questions of state or federal law. *See Am. Transit*, 2021 WL 216673, at *8; *Gov't Emps. Ins. Co. v. Leica Supply, Inc.*, No. 11-CV-3781 (KAM) (VVP), 2013 WL 1334177, at *3–4 (E.D.N.Y. Mar. 30, 2013) (citing *Gov't Emps. Ins. Co. v. Li–Elle Serv., Inc.*, No. 12–CV–2157 (KAM) (VMS), 2013 WL 829274, at *3 (E.D.N.Y. Mar. 6, 2013)); *cf. Gov't Emps. Ins. Co. v. Jacques*, No. 14-CIV-5299 (KAM) (VMS), 2017 WL 9487191, at *11 (E.D.N.Y. Feb. 13, 2017), *R & R adopted by* 2017 WL 1214460 (Mar. 31, 2017).

Plaintiff (the insurer) brought this case against the injured (Alvarado) and the insured (DNA), among other related entities involved in underlying state court proceedings. (Pl.'s Mem. at 2). Plaintiff argues that "a declaration as to the disclaimer grounds would clarify and settle the issues presented as between the insurance company and all of the parties to the Alvarado Actions." (Pl.'s Mem. at 7). Other than this conclusory statement, Plaintiff offers very little to support its position. Although Plaintiff received letters seeking indemnification for each underlying action, (Am. Compl. ¶¶ 34–35; Dkt. No. 37-14), it presents no evidence that Defendants have continued to seek payment from Plaintiff after its disclaimers.[11] It failed to demonstrate that this controversy between the parties remains. *See Abramov*, 2020 WL 1172697, at *16 ("If any of the Defaulting Defendants were in fact continuing to seek payment from [plaintiff], the Court would expect some evidence of such an effort, either through demand letters, arbitration or similar proceedings for collections or affirmative litigation brought against [plaintiff].").

---

[11] The Court acknowledges that "without waiving the disclaimer grounds" Plaintiff agreed to "afford a defense to DNA." (Dkt. No. 37-15; *see* Pl.'s Mem. at 7).

15

Plaintiff has not otherwise demonstrated that a declaratory judgment would not encroach on the state court's domain. Plaintiff provided some information about the underlying actions, including the complaints and consolidation order. (Dkt. Nos. 37-2, -3, -5, -6). However, Plaintiff has not provided the status of the state court actions. Plaintiff fails to address whether a declaratory judgment that Plaintiff has no obligation to indemnify DNA will end the state court proceedings in which Plaintiff agreed to defend DNA, finalizing the controversy. It has not demonstrated why this issue is not best left to the state court.

Furthermore, 1673 Woodbine has appeared and opposes Plaintiff's request for declaratory relief. (*See* Dkt. No. 46). The Court's judicial resources are most efficiently used by adjudicating the merits of Plaintiff's action rather than entering piecemeal and potentially conflicting determinations. *Philadelphia Indem.*, 2018 WL 1582292, at *4 (collecting cases). Accordingly, I respectfully recommend that the Court deny Plaintiff's motion and "allow the validity of [Plaintiff's] claim for declaratory relief to be determined on the merits through adversarial testing" by 1673 Woodbine. *Id.* at *5 (collecting cases) (denying a motion for default judgment seeking declaratory relief where insured defaulted, but injured party appeared and opposed the motion.); *cf. First Specialty*, 2012 WL 748619, at *4, *6 (simultaneously granting motion for default judgment against defaulting defendants and motion for summary judgment against remaining defendants).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Your Honor deny the motion for default judgment and dismiss the case. In the alternative, I respectfully recommend that Your Honor deny Plaintiff's motion and order Plaintiff to file and properly serve an amended complaint that addresses all the inadequacies noted herein. Plaintiff's counsel is hereby directed to serve

16

copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service on CM/ECF.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Raymond J. Dearie within fourteen days of receipt hereof.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Dated: May 4, 2021