UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
FALLS LAKE NATIONAL INSURANCE
COMPANY,

                    Plaintiff,

                                                        **ORDER ADOPTING REPORT**
                                                        **AND RECOMMENDATION**
            - against -                                 Case No. 20-CV-2798 (RJD) (RER)

DNA PLUMBING CONTRACTORS, INC.,
EDISON ALVARADO, 1673 WOODBINE
PORTFOLIO LLC, XR GROUP CORP., DUKE
PROPERTIES LLC, OMD ELECTRICAL CORP.,
CHOICE NY PROPERTY MANAGEMENT LLC,
MARCO GUARTAN, and MFG PIPING AND
HEATING, INC.,

                    Defendants,

            - against -

HUDSON EXCESS INSURANCE COMPANY,

                    Third Party Defendant.
------------------------------------------------------- x

DEARIE, District Judge

        Before the Court is Plaintiff's motion for default judgment which was referred to

Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R"). Plaintiff

seeks a declaratory judgment arising from an underlying insurance-coverage action in state court.

Magistrate Judge Reyes recommends that the Court deny the motion for default judgment and

dismiss the case or, in the alternative, order Plaintiff to file and properly serve an amended

complaint that addresses particular deficiencies. For the following reasons, the Court adopts

Magistrate Judge Reyes's recommendation, denying the motion for default judgment and

granting thirty days to replead, assuming Plaintiff can adequately assert the subject matter

jurisdiction of the Court.

Plaintiff filed its initial complaint on June 24, 2020. ECF No. 1. All defendants failed to appear. As a result, Plaintiff obtained entries of default on August 14, 2020, and October 5, 2020. ECF Nos. 19-24, 33.[1] On October 14, 2020, Plaintiff's motion for default judgment, ECF No. 37, was referred to Magistrate Judge Reyes for a R&R. Plaintiff subsequently filed its Amended Complaint, which added two defendants, Marco Guartan and MFG Piping and Heating, Inc., but asserted no new facts or claims. ECF No. 39. The Clerk of the Court entered default against those two defendants, but Plaintiff has not moved for default judgment against them. On May 4, 2021, Magistrate Judge Reyes filed his R&R, ECF No. 76, to which Plaintiff filed a timely objection on May 14, 2021, ECF No. 77. On May 28, 2021, 1673 Woodbine, the only appearing defendant, filed a letter in response. ECF No. 78.

## DISCUSSION

The Court reviews Magistrate Judge Reyes's R&R *de novo*, Fed. R. Civ. P. 72(b)(3), and concludes that Plaintiff failed to satisfactorily plead jurisdiction pursuant to 28 U.S.C. § 1332, particularly diversity of citizenship and the requisite amount in controversy. A district court may exercise jurisdiction over disputes "between citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

To properly plead diversity jurisdiction, a plaintiff must allege the citizenship of each named party. Since the citizenship of a limited liability corporation ("LLC") is determined by the citizenship of each of its members, Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42 (2d Cir. 2012), a plaintiff must allege the citizenship of the LLC's members. New

---

[1] Plaintiff does not move for default judgment against Defendant 1673 Woodbine Portfolio LLC, whose initial default was set aside on consent. ECF No. 30.

Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc., No. 10-cv-46 (PKC), 2010 WL 1257325 (S.D.N.Y. Mar. 26, 2010) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)). If a member of the LLC is itself an LLC, the citizenship of the member's members must also be alleged. Avant Cap. Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320 (S.D.N.Y. 2016).

Plaintiff, who alleges it is a citizen of North Carolina and Ohio, Am. Compl. ¶ 1, fails to allege the citizenship of each of the members of the named LLC defendants. While Plaintiff proffers in its objection letter that particular members of Duke Properties LLC and Choice NY Property Management LLC are citizens of New York or New Jersey, the Amended Complaint does not make clear that each member of these LLCs holds such citizenship. Id. ¶¶ 6, 8 (alleging Duke Properties LLC "was, and still is, a citizen of the State of New York in that its members are citizens of New York" and Choice NY Property Management LLC "was, and still is, a citizen of the States of New York and New Jersey, in that its members and/or principals are citizens of New York and New Jersey"). Additionally, Defendant 1673 Woodbine is wholly owned by another LLC, 1673 Woodbine Portfolio Members, LLC ("Portfolio Members"). The Amended Complaint fails to allege the citizenship of any members of Portfolio Members. Id. ¶ 4.

The Second Circuit has recognized "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy" and "[i]n order to rebut this presumption, the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that the plaintiff could not recover the amount alleged.'" Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs. ,Inc., 166 F.3d 59, 61-62 (2d Cir. 1999)). Since the Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and

Ashcroft v. Iqbal, 556 U.S. 662 (2009), however, other district courts in the Circuit have favored the application of Twombly-Iqbal's more stringent "plausibility" standard—requiring the plaintiff to plead facts in a non-conclusory fashion that plausibly establish grounds for relief—to allegations of amount in controversy. See Laplagia v. Transamerica Cas. Ins. Co., 155 F. Supp. 3d 153, 155 (D. Conn. 2016) ("[A]lthough the plausibility requirement is most commonly applied in the context of evaluating whether a complaint substantively states a claim for relief, there is little reason to suppose that it should not equally govern the evaluation of factual allegations that support federal subject matter jurisdiction."); Weir v. Cenlar FSB, No. 16-cv-8650 (CS), 2018 WL 3443173, at *12-13 (S.D.N.Y. July 17, 2018) (while declining to dismiss plaintiff's claims on the basis of insufficient amount-in-controversy allegations, noting that "it seems . . . that the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible"). The Circuit has implicitly endorsed such an approach on at least one occasion. See Wood v. Maguire Automotive, LLC, 508 Fed. App'x 65, 65 ("Wood's allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth.").

The Amended Complaint alleges no facts to plausibly establish the jurisdictional amount in controversy and merely asserts, in a boilerplate and conclusory fashion, that the threshold is met. Am. Compl. ¶ 11. Given that the Circuit has not yet squarely addressed the effect of the intervening jurisprudence on the jurisdictional pleading standard, I will not dismiss the case entirely but rather grant Plaintiff leave to bolster its allegation that the amount in controversy is met.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is denied[2] and

Magistrate Judge Reyes's alternative recommendation is adopted. Plaintiff's objection letter

addresses some, but not all, of the jurisdictional defects noted in the R&R. Should Plaintiff wish

to continue the action, the Court grants thirty days to file an amended complaint, assuming

Plaintiff can plead diversity jurisdiction in a more fulsome fashion.

SO ORDERED.

Dated: Brooklyn, New York          /s/ Raymond J. Dearie
      June 30, 2021          RAYMOND J. DEARIE
                         United States District Judge

---

[2] Aside from the jurisdictional defects, Plaintiff's motion for default judgment is mooted by the subsequent filing of the Amended Complaint and failure to obtain new entries of default against the non-appearing defendants. See Viznai v. United Homes of N.Y., Inc., No. 07-cv-4173 (ERK), 2009 WL931178, at *2 (E.D.N.Y. Apr. 3, 2009) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977) (internal quotation marks omitted)). Should Plaintiff file a Second Amended Complaint which cures the aforementioned jurisdictional defects, Plaintiff may then obtain entries of default against any non-appearing defendants and file a motion for default judgment in accordance with the relevant Local Rules.